```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


Atropin Palmer,                  :

        Plaintiff,               :

    v.                           :   Case No. 2:11-cv-503

Sheriff Fred Abdalla,            :   JUDGE GEORGE C. SMITH
                                     Magistrate Judge Kemp
        Defendant.               :
```

REPORT AND RECOMMENDATION

Plaintiff Atropin Palmer, a prisoner proceding pro se, is currently incarcerated at the Southern Ohio Correctional Facility. On June 16, 2011 Mr. Palmer filed an action under 42 U.S.C. §1983 against Defendant Fred Abdalla, the Jefferson County Ohio Sheriff. On August 5, 2011, after he had filed an answer, Sheriff Abdalla filed a motion to dismiss. Mr. Palmer filed a response on August 11, 2011. On August 23, 2011, Defendant filed a reply. For the following reasons, the Magistrate Judge **RECOMMENDS** that the motion to dismiss be **DENIED**.

I.  FACTUAL BACKGROUND

The following statement of facts is taken from Mr. Palmer's complaint. Mr. Palmer was transferred from the Ross Correctional Institution to the Jefferson County Jail on or about February 7, 2011. Upon his arrival, he "was placed in an area of the Jefferson County Jail where he was subjected to subfreezing temperature without sufficient means to maintain warmth." Furthermore, "during the course of his confinement within the county jail, there were no heating or ventilation ducts which produced a sufficient amount of heat to increase the heat or temperature within said living area." He was given only one blanket and was not provided with any bedding or a mattress to

sleep on.  On several occasions, Mr. Palmer asked jail officials for additional blankets, but his requests were denied.  Mr. Palmer remained under these conditions for four days before being transferred back to the Ross Correctional Institution.  It is on the basis of these facts that the pending motion will be decided.

## II.    LEGAL STANDARD

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Rule 12(c) states that once the pleadings are closed, "a party may move for judgment on the pleadings".  Fed. R. Civ. P. 12(c).  The standards of review for motions to dismiss under Rule 12(b)(6) and Rule 12(c) are identical.  Sensations, Inc., v. City of Grand Rapids, 526 F.3d 291, 295 (6th Cir. 2008).  When considering a motion to dismiss pursuant to either Rule 12(b)(6) or Rule 12(c), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations as true.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983).  In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Finally, pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner 404 U.S. 519, 520 (1972), "and should therefore be liberally construed."  Williams v. Curtain, 631 F.3d 380, 383 (6th Cir. 2011).

III.  DISCUSSION

42 U.S.C. §1983 provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . ."  42 U.S.C. §1983.

A plaintiff seeking relief under §1983 may bring a claim against a public official in the official's individual or official capacity.  Individual-capacity claims "seek to impose individual liability upon a government officer for actions taken under color of state law." Hafer v. Melo, 502 U.S. 21, 25 (1991).  In contrast, an official-capacity claim is "another way of pleading an action against an entity of which an officer is an agent." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55 (1978).  If the plaintiff does not specify in the complaint which type of claim he or she is bringing, the Court "must assume that [defendants] are being sued in their official capacities." Whittington v. Milby, 928 F.2d 188, 193 (6th Cir. 1989).

Mr. Palmer does not explicitly state whether he seeks relief from Sheriff Abdalla in his individual or his official capacity. However, the fact that Mr. Palmer demands judgment against the Jefferson County Jail indicates that he is bringing an official-capacity claim.  Moreover, since Mr. Palmer did not specify which type of claim he was bringing in the complaint, the Court must construe his claim to be against Sheriff Abdalla in his official capacity.

For an official-capacity claim to be successful, the "plaintiff must: 1) identify a municipal policy or custom; 2) connect that policy or custom to the municipality; and 3) show

that execution of that policy or custom caused the particular injury." Janis v. Marcum 77 Fed.Appx. 308, 310 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't., 8 F.3d 358, 364 (6th Cir. 1993)).  Sheriff Abdalla argues that Mr. Palmer has failed to satisfy the first element - identifying a municipal policy or custom.

"There are at least four avenues a plaintiff may take to prove the existence of a municipality's illegal policy or custom. The plaintiff can look to (1) the municipality's legislative enactments or official agency policies; (2) actions taken by officials with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance or acquiescence of federal rights violations." Thomas v. City of Chattanooga, 398 F.3d 426, 429 (6th Cir. 2005).

Turning first to Mr. Palmer's allegations of temperature generally, he claims he "was placed in an area of the Jefferson County Jail where he was subjected to subfreezing temperature" and "that during the course of his confinement within the county jail, there were no heating or ventilation ducts which produced a sufficient amount of heat to increase the heat or temperature within said living area."  However, courts have generally not inferred official municipal policies from bare allegations of cold temperatures in prisons.  See Thigpen v. Reid, 2011 WL 240159, *1 (N.D. Ohio Jan. 24, 2011); LaPine v. Chippewa Cnty. Corr. Facility, 2011 WL 3438481, *5 (W.D. Mich. Aug. 5, 2011) (holding that a prisoner's allegations regarding a number of prison conditions, including the temperature of the facility and its ventilation system, were not sufficient to state a claim under §1983 because they did not identify a municipal policy or custom).  Nor can the Court infer the existence of an illegal policy or custom based on the allegations here.

-4-

Mr. Palmer's allegations do not point to a legislative enactment or official agency policy regarding jail temperature. Mr. Palmer has also not alleged sufficient facts for the Court to conclude that the temperature of his living area was the result of "actions taken by officials with final policymaking authority." Thomas, 398 F.3d at 429.  Although Sheriff Abdalla is the final policymaker of the Jefferson County Jail pursuant to O.R.C. §341.01, the Court cannot reasonably infer that any actions on his part caused Mr. Palmer's living area to be cold. Mr. Palmer also does not allege that the cold temperatures he experienced were the result of actions taken by employees as a result of "inadequate training or supervision." Thomas, 398 F.3d at 429.

Finally, Mr. Palmer's complaint contains insufficient factual content for the Court reasonably to infer that the temperature of his living area resulted from "a custom of tolerance or acquiescence of federal rights violations."  Thomas, 398 F.3d at 429.  For a municipality to be liable under §1983 on the basis of a custom, the practice in question "must be so permanent and well settled as to constitute a custom with the force of law."  Doe v. Claiborne Cnty. Tenn., 103 F.3d 495, 507-508 (6th Cir. 1996).  Mr. Palmer's allegations do not provide the Court with enough facts to infer that the temperature of his cell resulted from a permanent or well settled jail custom.  Mr. Palmer simply alleges that his living area was cold for the four days of his confinement without alleging any additional facts indicating that keeping the temperature extraordinarily low was an established practice in the jail.  Accordingly, Mr. Palmer's allegations regarding the temperature of his living area do not identify a policy or custom and therefore do not give rise to municipal liability under §1983.

However, Mr. Palmer also alleges he was provided with only

one blanket upon his transfer to Jefferson County Jail.  He states that on several occasions he requested additional blankets from jail officials, but that his requests were denied.  These facts point toward the existence of an official jail policy regarding blankets.  The term "'official policy' often refers to formal rules or understandings-often but not always committed to writing-that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time."  Pembaur v. City of Cincinnati, 475 U.S. 469, 480-81 (1986).

Construing Mr. Palmer's complaint liberally, the Court may reasonably infer that the jail's "official policy" was to consistently allow prisoners only one blanket, even in extraordinarily cold conditions.  See, e.g., Wheat v. N.Y.C. Dep't of Correction, 2010 WL 5129065, *5 (S.D.N.Y. Dec. 15, 2010) ("Construing [Plaintiff's] allegations liberally, . . . [Plaintiff] alleges that more than one officer failed to provide him with replacement shoes, that the prison did not even have replacement shoes, and that when he filed a complaint, it went unanswered.  These facts amount to more than a bald assertion that the City has a policy, custom or practice of violating constitutional rights.")

The Court may reasonably infer that the jail's policy regarding blankets subjected Mr. Palmer to unconstitutional prison conditions.  See Franklin v. Franklin, 2000 WL 687434, *5 (6th Cir. 2000) (allegations by prisoner that "prison officials, acting with deliberate indifference, exposed him to temperatures that were close to freezing and failed to provide him adequate clothing and blankets" sufficient to state violation of Eighth Amendment under §1983); Banks v. York, 515 F.Supp.2d 89, 107 (D.D.C. 2007) (prisoner's claims that jail lacked heating and ventilation during the winter months and that defendants failed

to provide enough blankets pursuant to Department of Corrections policy were sufficient to state a claim against a municipality under §1983.).  Accordingly, Mr. Palmer has alleged sufficient facts to set forth a claim under §1983 that he suffered an unconstitutional deprivation as a result of Defendant's policy or custom regarding issuing blankets to prisoners.

## IV.  CONCLUSION

Based on the foregoing reasons, the Magistrate Judge recommends that Defendant's motion to dismiss or for judgment on the pleadings (#8) be **DENIED**.  Because Sheriff Abdallah has filed an answer, it is also recommended that Mr. Palmer's motion for default judgment (#10) be **DENIED**.

## V.  PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140

(1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).


                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge