IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Atropin Palmer,** | : | |
| Plaintiff, | : | Civil Action 2:11-cv-503 |
| v. | : | Judge George C. Smith |
| **Sheriff Fred Abdalla,** | : | Magistrate Judge Kemp |
| Defendant. | : | |

<u>OPINION AND ORDER</u>

    This matter is before the Court on Plaintiff Atropin Palmer's objections to a Report and Recommendation issued by the Magistrate Judge on October 26, 2011 and on Defendant Sheriff Fred Abdalla's separate objections to the same Report and Recommendation (Docs. 19 and 20).  The Court, having reviewed the record *de novo*, finds for the reasons set out below that the objections to the Report and Recommendation are without merit. The parties' objections are **OVERRULED** and the **Report** and **Recommendation** is **ADOPTED**.  Defendant's motion to dismiss or for judgment on the pleadings is **DENIED**.  Mr. Palmer's motion for default judgment is **DENIED.**

    Mr. Palmer has also filed a Motion for Reconsideration (Doc. 19) of the Magistrate Judge's Order denying Mr. Palmer's motion for appointment of counsel.  Mr. Palmer's Motion for Reconsideration of his Motion for Appointment of Counsel is **DENIED.**

I.    PROCEDURAL BACKGROUND

    On October 26, 2011, the Magistrate Judge recommended denying Defendant's motion to dismiss or for judgment on the pleadings and also recommended denying Mr. Palmer's motion for default judgment.  The objections filed by the parties have only

addressed the recommendation to deny Defendant's motion to dismiss.

Mr. Palmer objected to that recommendation arguing that the complaint should be liberally construed, and that he should be permitted to conduct discovery.  It appears that Mr. Palmer has misread the Report and Recommendation, because the Magistrate Judge did, in fact, conclude that the complaint should be liberally construed and recommend that Defendant's motion to dismiss be denied.

Sheriff Abdalla objected to the Magistrate Judge's conclusion that Mr. Palmer's complaint alleged a policy or custom on the part of the Jefferson County Jail to deny prisoners additional blankets in cold conditions.  That objection is discussed below.

## II. LEGAL STANDARD

When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made ...."  Fed. R. Civ. P. 72(b).  After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  *Id.; see also* 28 U.S.C. §636(b)(1)(B).  General objections are insufficient to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

## III. DISCUSSION

The Court reviews *de novo* the Magistrate Judge's recommended conclusion that Mr. Palmer's complaint alleged a policy or custom on the part of the Jefferson County Jail to deny prisoners

additional blankets in cold conditions.  Sheriff Abdalla argues that the complaint does not contain the words "policy" or "custom," and he argues that an official agency policy cannot be inferred from the fact that Mr. Palmer's multiple requests for additional blankets were denied.

The word "policy" is not a magic word.  *See, e.g., Zherka v. City of New York, N.Y.*, No. 08 CV 9005(LAP), 2010 WL 4537072, *3 (S.D.N.Y. Nov. 9, 2010).  Using that term in the complaint does not save the complaint if the complaint lacks sufficient factual allegations to make the alleged policy plausible.  *Id.*  On the flip side of the same coin, the absence of the word "policy" in the complaint is not fatal if facts from which a policy can be inferred are alleged.  *See, e.g., Kelley v. DeMasi*, No. 07-13236, 2008 WL 4298475, *6 (E.D. Mich. Sept. 18, 2008) (holding that the plaintiff had sufficiently alleged that the defendant's policy and or practice was instrumental in violating of his constitutional rights in spite of the omission of the words "policy" or "practice" from the allegations in the complaint).

Sheriff Abdalla does not dispute that one of the avenues for proving the existence of a municipality's illegal policy or custom is to look to the municipality's official agency policies. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  He also does not dispute that the term "'official policy' often refers to formal rules or understandings - often but not always committed to writing -that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time."  *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986).  However, he disagrees as to the extent of the facts that need to be alleged in order to plead the existence of such official policies.  In particular, Sheriff Abdalla seeks to distinguish the case cited by the Magistrate Judge in support of his recommendation, *Wheat v. NYC Dep't of*

*Correction*, No. 10 Civ. 5459(SAS), 2010 WL 5129065 (S.D.N.Y. Dec. 15, 2010). However, the allegations in *Wheat* from which a policy can be inferred are remarkably similar to the allegations here.

The complaints in both actions allege multiple requests for relief from multiple jail officials. In *Wheat*, the plaintiff alleged that he asked two officers about shoes and none were provided, he then filed a formal grievance that went unanswered, and a fellow inmate also filed a formal grievance that was unanswered. 2010 WL 5129065 at *1. Here, Mr. Palmer alleged, "Plaintiff, on *several occasions* requested that jail *officials* provide an additional blanket which was to no avail." (Compl. at ¶ 8.) The word "several" is defined as being "more than two or three but not many," which indicates that both the plaintiff in *Wheat* and Mr. Palmer requested relief at least three or four times. WEBSTER'S II NEW RIVERSIDE UNIVERSITY DICTIONARY 1068 (2d ed. 1984). Further, Mr. Palmer's allegation indicates that these requests were made of "officials," which means that more than one official denied him relief.

Sheriff Abdalla points out that the period of deprivation in *Wheat*, which was approximately 2 ½ weeks from May 17, 2010 to June 3, 2010 (*see Wheat*, 2010 WL 5129065 at *1), was longer than Mr. Palmer's four-day stay. However, that is not relevant to the existence of a policy so much as to the degree of the injury, which is not currently an issue before the Court. Sheriff Abdalla also argues that in *Wheat* there were allegations that the prison did not have shoes to provide to inmates. However, the prison could have an official policy regarding an item (such as shoes or blankets) regardless of whether there was a shortage of the item, so that factor does not persuade the Court that there should be a different result here. The fact that certain of the requests for relief in *Wheat* were formal grievances that were unanswered is not a meaningful distinction in this instance

-4-

because Mr. Palmer alleged that the Jefferson County Jail has no grievance procedure to his knowledge.

Finally, Sheriff Abdalla places great emphasis on the fact that the plaintiff in *Wheat* alleged that a fellow inmate was also denied shoes and received no response to his official grievance. While relevant, such an allegation is not necessary in order to infer an official policy.  Indeed, imposing such a pleading requirement might run afoul of the Supreme Court's holding in *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167-68 (1993), which precluded courts from applying a heightened pleading standard to §1983 cases against municipalities.  In that case, the Court specifically held that a requirement that plaintiffs plead more than a single instance of misconduct was a heightened pleading standard that was "impossible to square" with the "liberal system of 'notice pleading' set up by the Federal Rules."  *Id*. at 168. Here, Mr. Palmer has alleged facts from which the Court can reasonably infer that Defendant had a policy of denying prisoners additional blankets in cold conditions.

**IV. DISPOSITION**

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **OVERRULES** the parties' objections (Docs. 19 and 20) and **ADOPTS** the Report and Recommendation (Doc. 17).  Defendant's motion to dismiss or for judgment on the pleadings (Doc. 8) is **DENIED**.  Mr. Palmer's motion for default judgment (Doc. 10) is **DENIED**.

It is further ordered that Mr. Palmer's Motion for Reconsideration (Doc. 19) of the order denying his motion for appointment of counsel (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

5

*/s/ George C. Smith*
George C. Smith
United States District Judge