IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Atropin Palmer,                :

    Plaintiff,          :      Civil Action 2:11-cv-503

  v.                           :      Judge George C. Smith

Sheriff Fred Abdalla,          :      Magistrate Judge Kemp

    Defendant.          :

OPINION AND ORDER

Plaintiff Atropin Palmer filed this action under 42 U.S.C. §1983 against the Sheriff of Jefferson County, Ohio, Fred Abdalla. The action was filed against Sheriff Abdalla in his official capacity only, meaning that the case is really an action against Jefferson County itself. See Kentucky v. Graham, 473 U.S. 159 (1985); Leach v. Shelby County Sheriff, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Mr. Palmer claimed that during a short stay in the Jefferson County Jail in 2011, he was denied heat and blankets in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

After discovery, both parties moved for summary judgment. In a Report and Recommendation filed on September 4, 2012, the Magistrate Judge recommended denying Mr. Palmer's motion and entering judgment in favor of the defendant. Mr. Palmer has filed objections. For the following reasons, the objections will be **OVERRULED** and this case will be dismissed.

I.

When objections are received to a report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition which has been properly objected to." Fed.R.Civ.P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.; see also 28 U.S.C.

§636(b)(1). Because summary judgment motions are potentially case-dispositive, the Court's review in this case is de novo.

II.

The facts of this case, viewed in the light most favorable to Mr. Palmer, are set forth in some detail in the Report and Recommendation. Because the objections do not really take issue with that statement of facts, the Court adopts it as written, and will summarize the facts only briefly.

In February of 2011, Mr. Palmer spent four days in the Jefferson County jail. He had been transferred there from the Ross Correctional Institution so that he could appear in court in Jefferson County. For two or three of those days, he was in a cell with no heat and with only one blanket. Taking the facts to be as he states them, one guard told him, on the third day he was at the jail, that it was the jail's policy to issue only one blanket per inmate.

Mr. Palmer was moved to a segregation cell on the third day after finding out that his cellmate had been using two mattresses, one of which was supposed to have been in the cell for Mr. Palmer's use, and after the two had a confrontation. He received two blankets and a mattress while in segregation. On the fourth day, he went back to Ross Correctional Institution. It was typical February weather while Mr. Palmer was at the jail, with outside temperatures sometimes dropping below twenty degrees. Mr. Palmer claims he was very cold for much of his stay at the Jail. His hands and feet were numb much of the time while he was there, and he caught a cold as well. The questions raised by the summary judgment motions are whether he was subjected to cruel and unusual punishment and, if so, did that occur due to some official custom or policy of Jefferson County, as implemented by Sheriff Abdalla

III.

The summary judgment standard is also set forth in detail in the Report and Recommendation and, again, the objections do not argue that the law relating to summary judgment was stated incorrectly. The Court adopts that portion of the Report and Recommendation in full, mindful that the facts are to be construed in favor of the non-moving party and all reasonable inferences are to be drawn in that party's favor. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

IV.

The Report and Recommendation concluded that Mr. Palmer's claims failed both because reasonable persons could not infer, based on the facts of record, that any deprivation of heat or blankets resulted from an official policy or custom of Jefferson County - and that is the correct standard for imposing liability on a municipal entity such as a county, see Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978) - and because reasonable persons could not conclude that any Eighth or Fourteenth Amendment violations occurred. Either finding is sufficient to support the entry of summary judgment in the defendant's favor.

Mr. Palmer's objections are not terribly specific. As far as the jail custom or policy is concerned, he states that it had become a practice for inmates to take the mattress and blanket provided for a cellmate if no other inmate was in the cell, forcing the new cellmate to fight for those items. However, he concedes that he had a plastic sleeping mat and one blanket at all times, and there is no evidence that jail officials were aware of and condoned his cellmate's confiscation of the other mattress.

On the issue of an Eighth Amendment violation, he devotes several paragraphs of argument to the proposition that 42 U.S.C. §1997e(e), which prohibits the recovery of compensatory damages for emotional injury without an accompanying physical injury, is

unconstitutional.  The authority he cites, <u>Siggers-El v. Barlow</u>, 412 F.3d 693 (6th Cir. 2005), does not actually address that issue at all, but a subsequent district court decision in that case held the statute unconstitutional as applied to First Amendment violations, <u>see Siggers-El v. Barlow</u>, 433 F.Supp. 2d 811 (E.D. Mich. 2006).  Of course, Mr. Palmer has not claimed any First Amendment violation here.

   Mr. Palmer does not directly address the Magistrate Judge's conclusion that, as a matter of law, being confined in a cell for a short period of time during cold weather is not, without more, cruel and unusual punishment.  As the Report and Recommendation notes, citing to <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992), "extreme deprivations are required to make out a conditions-of-confinement claim."  And this case is difficult, if not impossible, to distinguish from this Court's earlier decision in <u>Wells v. Jefferson County Sheriff Dept.</u>, 159 F.Supp. 2d 1002, 1011 (S.D. Ohio 2001) <u>aff'd</u>, 35 Fed. App'x 142 (6th Cir. 2002), where the Court held that being forced to sleep on the floor on a mattress for a week in a cell that was both cold and regularly sprayed with insecticides was not an Eighth Amendment violation.

   Finally, even if Mr. Palmer was exposed to unconstitutional conditions of confinement, under existing case law, he had to produce some evidence that the County, acting through its decision-makers, was deliberately indifferent to the type of suffering which its claimed "one-blanket" policy caused.  <u>See, e.g., Farmer v. Brennan</u>, 511 U.S. 825 (1994).  The Report and Recommendation concluded that

> Mr. Palmer has failed to provide evidence that the prison officials' state of mind was one of "deliberate indifference" to his health or safety.  The only evidence he offers on that subject is the fact that one prison employee refused his request for a second blanket.  There was no extended discussion with that employee, nor did Mr. Palmer discuss the conditions

4

> with any other employees of the jail prior to his move
> to segregation at the end of the third day. When he
> moved to segregation, he requested a second blanket and
> was provided with one. This evidence taken together
> fails to demonstrate deliberate indifference.

Report and Recommendation, Doc. 38, at 9. The Court agrees that the record contains no evidence from which a reasonable trier of fact could infer the presence of the required level of deliberate indifference. In the context of municipal liability based on an allegedly unconstitutional custom, practice, or policy, a plaintiff must show not only that his rights were violated by an employee of that municipality, but that "through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." <u>Board of County Comm'rs of Bryan County, Oklahoma v. Brown</u>, 520 U.S. 397, 404 (1997). In municipal liability cases, as "[i]n any §1983 suit, ... the plaintiff must establish the state of mind required to prove the underlying violation." <u>Id</u>. No reasonable trier of fact could conclude from this record that, even if Jefferson County had a "one-blanket-per-inmate" policy, such a policy was adopted with reckless indifference to the health or well-being of jail inmates. Thus, Mr. Palmer's claim fails for this additional reason.

V.

For all of these reasons, the plaintiff's objections (Doc. 40) to the Report and Recommendation (Doc. 38) are **OVERRULED** and the Report and Recommendation is **ADOPTED AND AFFIRMED**. Defendant's motion for summary judgment (Doc. 33) is **GRANTED**. All other pending motions are **DENIED**. This case is **DISMISSED**

**WITH PREJUDICE** and the Clerk is directed to enter judgment in favor of the defendant.

    **IT IS SO ORDERED.**

                                    /S/ George C. Smith
                                    George C. Smith
                                    United States District Judge